UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICKY R. VANN,

      Petitioner,

v.                                 Case No. 8:05-cv-1174-T-23TGW

SECRETARY, Department of Corrections,

      Respondent.

_____/

## O R D E R

Vann petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his conviction for first degree murder for which he is serving life imprisonment.  Numerous exhibits ("Respondent's Exhibit __") support the response (Doc. 16).  The respondent admits the petition's timeliness.  Response at 5, n.3 (Doc. 14).  The petition lacks merit.

## FACTS[1]

The victim (Gwendolyn Lucas) hired a handyman (William Middleton) to change the locks on her house after Vann (the victim's boyfriend) moved out of the victim's house.  The handyman and Vann were friends.  A month after changing the locks the handyman both refused Vann's requests to provide access to the victim's house and told Vann to "leave her alone and get on with his own life."

At about this same time the victim hired a second handyman (Jonathan Fredricks) to install some flooring.  Vann was a friend of Fredricks, who similarly advised Vann to

---

[1] This summary of the facts derives from Vann's brief on direct appeal (Respondent's Exhibit 2).

"let it go and go back to Carolina."  Nevertheless, Fredricks succumbed to Vann's

persistent requests by arranging for Vann to talk with the victim so Vann could resolve a

"little misunderstanding."  On the morning of November 30, 1999, Fredricks returned to

the victim's house to finish his work.  Vann hid behind the door.  While the victim was

distracted, Vann pulled a gun and advanced toward both Fredricks and the victim.

Fredricks obeyed Vann's orders to leave.  Upon leaving the property, Fredricks heard a

gunshot and saw the victim jump a fence, fall on the grass, and run across the street

with Vann in pursuit.  This chase was observed by other witnesses.  After returning to

the house and retrieving his tools, Fredricks left the area on a public bus.

Police responded to the scene and found the victim dead in her front yard, shot

through the head.  The medical examiner characterized the injury as a "contact wound."

Vann voluntarily surrendered to the police.

## STANDARD OF REVIEW

Because this action commenced after April 24, 1996, Section 2254(d), as

amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

governs this proceeding.  Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210

(11th Cir. 1998), cert. denied, 531 U.S. 840 (2000).  Section 2254(d), which creates a

highly deferential standard for federal court review of a state court adjudication, states in

pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law,
as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in
the State court proceeding.

In <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted

this deferential standard:

In sum, § 2254(d)(1) places a new constraint on the power of a federal
habeas court to grant a state prisoner's application for a writ of habeas
corpus with respect to claims adjudicated on the merits in state court.  Under
§ 2254(d)(1), the writ may issue only if one of the following two conditions is
satisfied--the state-court adjudication resulted in a decision that (1) "was
contrary to . . . clearly established Federal Law, as determined by the
Supreme Court of the United States," or (2) "involved an unreasonable
application of . . . clearly established Federal law, as determined by the
Supreme Court of the United States."  Under the "contrary to" clause, a
federal habeas court may grant the writ if the state court arrives at a
conclusion opposite to that reached by this Court on a question of law or if
the state court decides a case differently than this Court has on a set of
materially indistinguishable facts.  Under the "unreasonable application"
clause, a federal habeas court may grant the writ if the state court identifies
the correct governing legal principle from this Court's decisions but
unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established

federal law is objectively unreasonable, . . . an unreasonable application is different from

an incorrect one."  <u>Bell v. Cone</u>, 535 U.S. 685, 694 (2002); <u>Brown v. Head</u>, 272 F.3d

1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness <u>per</u>

<u>se</u>, of the state court decision that we are to decide.").

The state appellate court affirmed (Respondent's Exhibit 4) Vann's conviction and

sentence on direct appeal in a <u>per</u> <u>curiam</u> decision without a written opinion, and likewise

affirmed (Respondent's Exhibit 10) the denial of his subsequent Rule 3.850 motion for

post-conviction relief.  The state appellate court's <u>per curiam</u> affirmances warrant

deference under Section 2254(d)(1) because "the summary nature of a state court's

decision does not lessen the deference that it is due."  <u>Wright v. Moore</u>, 278 F.3d 1245,

1254 (11th Cir.), <u>reh'g and reh'g en banc denied</u>, 278 F.3d 1245 (2002), <u>cert. denied sub</u>

<u>nom</u> <u>Wright v. Crosby</u>, 538 U.S. 906 (2003).

Vann bears the burden of overcoming a state court factual determination by clear

and convincing evidence.  "[A] determination of a factual issue made by a State court

shall be presumed to be correct.  The applicant shall have the burden of rebutting the

presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

This presumption of correctness applies only to a finding of fact, not a mixed

determination of law and fact.  <u>Parker v. Head</u>, 244 F.3d 831, 836 (11th Cir.), <u>cert.</u>

<u>denied</u>, 534 U.S. 1046 (2001).  Consequently, the state court's rejection of Vann's post-

conviction claims (Orders Denying Motion for Post-Conviction Relief, Respondent's

Exhibit 6 at 22-25) warrants deference.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Vann claims ineffective assistance of counsel, a difficult claim to sustain.  "[T]he

cases in which habeas petitioners can properly prevail on the ground of ineffective

assistance of counsel are few and far between."  <u>Waters v. Thomas</u>, 46 F.3d 1506, 1511

(11th Cir. 1995) (<u>en banc</u>) (<u>quoting</u> <u>Rogers v. Zant</u>, 13 F.3d 384, 386 (11th Cir. 1994)).

<u>Strickland v. Washington</u>, 466 U.S. 668 (1984), governs an ineffective assistance of

counsel claim:

The law regarding ineffective assistance of counsel claims is well settled
and well documented.  In <u>Strickland v. Washington</u>, 466 U.S. 668, 104
S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part

> test for analyzing ineffective assistance of counsel claims.  According to
> Strickland, first, the defendant must show that counsel's performance was
> deficient.  This requires showing that counsel made errors so serious that
> counsel was not functioning as the "counsel" guaranteed the defendant by
> the Sixth Amendment.  Second, the defendant must show that the deficient
> performance prejudiced the defense.  This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial, a trial
> whose result is reliable.  Strickland, 466 U.S. at 687, 104 S.Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice.

Strickland v. Washington, 466 U.S. at 697 ("There is no reason for a court deciding an

ineffective assistance claim . . . to address both components of the inquiry if the

defendant makes an insufficient showing on one."); Sims v. Singletary, 155 F.3d at 1305

("When applying Strickland, we are free to dispose of ineffectiveness claims on either of

its two grounds.").  "[C]ounsel is strongly presumed to have rendered adequate

assistance and made all significant decisions in the exercise of reasonable professional

judgment."  Strickland v. Washington, 466 U.S. at 690.  "[A] court deciding an actual

ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on

the facts of the particular case, viewed as of the time of counsel's conduct."  Strickland v.

Washington, 466 U.S. at 690.  Strickland requires that "in light of all the circumstances,

the identified acts or omissions were outside the wide range of professionally competent

assistance."  Strickland v. Washington, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not

warrant setting aside the judgment of a criminal proceeding if the error had no effect on

the judgment," Vann must demonstrate that error by counsel prejudiced the defense.

Strickland v. Washington, 466 U.S. at 691-92.  To meet this burden, Vann must show "a

- 5 -

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland v. Washington, 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  Strickland v. Washington, 466 U.S. at 690-91.  Vann cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful:

> The test has nothing to do with what the best lawyers would have done.
> Nor is the test even what most good lawyers would have done.  We ask
> only whether some reasonable lawyer at the trial could have acted, in the
> circumstances, as defense counsel acted at trial. . . .  We are not interested
> in grading lawyers' performances; we are interested in whether the
> adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable. . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' ") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise frivolous claims).

Vann must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The state court conducted an evidentiary hearing and denied Vann's claims of ineffective assistance of counsel; the state court correctly recognized that <u>Strickland</u> controls the claim.

> When a claim of ineffective assistance of counsel is alleged, the burden is on the person seeking collateral relief to specifically allege the grounds for relief and to establish whether the grounds resulted in prejudice. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). A defendant must first show the specific errors or omissions which were so egregious as to constitute a failure to provide "counsel" under the Sixth Amendment, and second, the defendant must show the prejudice that resulted. <u>Id.</u> In order to satisfy the prejudice prong, the defendant must affirmatively show that there is a reasonable probability that, but for counsel's error, the outcome of the trial would have been different. <u>Id.</u>

Respondent's Exhibit 6 at 22-23. Because the state court correctly recognized that <u>Strickland</u> governs Vann's ineffective assistance of counsel claims, Vann cannot meet the "contrary to" test in Section 2254(d)(1). Vann instead must show that the state court unreasonably applied <u>Strickland</u> or unreasonably determined the facts.

<u>Ground One</u>:

Vann alleges that trial counsel was ineffective for failing to call witnesses to both impeach the testimony of state witnesses and establish an alibi. The state court rejected this claim as follows:

> Both Defendant and defense counsel, Mr. Gerald Hooper, testified on their own behalf.
>
> In ground two, Defendant alleged ineffective assistance of counsel for failure to call several witnesses in his defense. First, Defendant claimed that counsel failed to call Clyde Allen, the driver of the bus on which a state's witness rode on the date of the offense, who would have testified that the witness was not on the bus as claimed, thereby impeaching the

credibility of the witness.  Second, Defendant claimed counsel failed to call Gustavo Morales, an alleged witness to the crime scene, who would have testified that Defendant was not the person leaving the crime scene, thereby creating reasonable doubt as to Defendant's guilt.  Third, Defendant claimed counsel failed to call Sarah Carley, an alleged witness to the crime scene, who would have testified as to the appearance of the assailant, which when taken with other testimony as to Defendant's appearance on the day of the crime, would have undermined the state's case regarding identity.  In regards to all three witnesses, Mr. Hooper testified that one of the downsides of calling these witnesses would have been losing opening and closing arguments.  Morever, Mr. Hooper testified that he discussed the importance of opening and closing argument with Defendant.

With respect to Mr. Allen, Mr. Hooper testified that he considered calling Mr. Allen as a witness for the purpose of impeaching some of the testimony of Mr. Fredricks, one of the witnesses for the state.  However, Mr. Hooper testified that any positive aspect in calling Mr. Allen would have gone to a non-issue in the case, as Mr. Fredricks had already put himself at the scene.

With respect to Ms. Carley, Mr. Hooper testified that any testimony on the part of Ms. Carley regarding the discrepancy of the shirt color of the assailant was a non-issue as she could not establish that Defendant was not at the crime scene.  Furthermore, Mr. Hooper testified that her testimony would not have been sufficient to put Mr. Fredricks at the scene of the shooting where the victim actually died because Mr. Fredricks put himself at the scene of a house which was a block and a half away from where the victim was shot.

With respect to Mr. Morales, Mr. Hooper testified that the benefit of calling Mr. Morales would have been to place Mr. Fredricks at the scene.  Mr. Hooper testified that everything he would have been able to get out of Mr. Fredricks, he got through the testimony of Mr. Fredricks himself and, therefore, Mr. Morales' testimony would have been merely redundant.

Based on the foregoing, the Court finds that defense counsel's decision not to call the aforementioned witnesses to testify was a matter of trial strategy.  "Judicial scrutiny of counsel's performance must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that the challenged action might be considered sound trial strategy."  Strickland, 466 U.S. 689, 104 S. Ct. at 2065.  Since decisions concerning trial strategy or tactics ultimately rests with counsel, "tactical or strategic decisions of counsel do not justify

post conviction relief on the ground of ineffective assistance of counsel."
<u>Mazard v. State</u>, 673 So. 2d 298 (Fla. 1990) (holding that counsel cannot
be ineffective for strategic decisions made during a trial). As such, no relief
is warranted with respect to ground two of Defendant's Motion.

Respondent's Exhibit 6 at 23-25 (references to the record omitted).

The state court properly rejected Vann's claim by deferring to counsel's strategic

decisions.  Trial counsel must decide which strategic and tactical option to pursue, such

as deciding which witness to call or defense to present.  <u>See</u> <u>e.g.</u>, <u>Dingle v. Sec'y, Dep't

of Corr.</u>, 480 F.3d 1092, 1099 (11th Cir. 2007) ("Even if counsel's decision [to not call a

certain witness] appears to have been unwise in retrospect, the decision will be held to

have been ineffective assistance only if it was 'so patently unreasonable that no

competent attorney would have chosen it.'"), <u>quoting</u> <u>Adams v. Wainwright</u>, 709 F.2d

1443, 1445 (11th Cir. 1983), <u>Waters v. Thomas</u>, 46 F.3d 1506, 1512 (11th Cir. 1995)

("Which witnesses, if any, to call, and when to call them, is the epitome of a strategic

decision, and it is one that we will seldom, if ever, second guess.") (<u>en</u> <u>banc</u>), and <u>Blanco

v. Singletary</u>, 943 F.2d 1477, 1495 (11th Cir. 1991) ("The decision as to which witnesses

to call is an aspect of trial tactics that is normally entrusted to counsel.").  The only

question is whether counsel's strategic decision was "reasonable."  <u>Minton v. Sec'y,

Dep't of Corr.</u>, 271 Fed. Appx 916, 918 (11th Cir. 2008) ("The Supreme Court has

'declined to articulate specific guidelines for appropriate attorney conduct and instead

has emphasized that the proper measure of attorney performance remains simply

reasonableness under prevailing professional norms.' ") (quoting <u>Wiggins v. Smith</u>, 539

U.S. 510, 521 (2003).  Counsel's decision was reasonable because foregoing calling

unhelpful witnesses allowed Vann to retain first and last closing arguments.

Consequently, the state court's application of <u>Strickland</u> was reasonable.

<u>Ground Two</u>:

Vann argues that the cumulative effect of trial counsel's errors caused Vann to incur a fundamentally unfair trial.  Vann cites to his Rule 3.850 proceeding for support. Vann is precluded from relying on two of the claims because each was rejected by the post-conviction court as procedurally defaulted.[2]  Vann's other claim faults counsel for not informing the trial judge that a juror slept during trial.  The post-conviction court rejected this claim as follows:

> In ground three, Defendant alleged ineffective assistance of counsel for failure to inform the trial judge that a juror was asleep during trial. Specifically, Defendant identified the juror by name and alleged that the juror missed crucial portions of testimony, and that counsel failed to inform the court of such despite being advised of the situation by Defendant.
>
> Defendant testified that he brought the issue of the sleeping juror to the attention of Mr. Tulin, co-counsel, who then brought it to Mr. Hooper's attention.  Defendant testified that one occasion the juror was asleep during a bench conference between the judge, the state, and the defense, where they were discussing what pictures were going to be introduced to the jury.  Defendant testified that on another occasion the juror was asleep right before Defendant was called to testify.
>
> Based on the foregoing, the Court finds that Defendant fails to meet the prejudice component of the <u>Strickland</u> test as there is no indication from Defendant's testimony how long the juror had been sleeping or that the juror slept through any testimony during the proceedings.  As such, no relief is warranted as to ground three of Defendant's Motion.

Respondent's Exhibit 6 at 25 (references to the record omitted).  The state court credited

---

[2]  The claims involved the trial court's denial of Vann's motion to dismiss counsel and a challenge to the sufficiency of the evidence.  The state court ruled that Vann should have raised each claim on direct appeal.

the testimony of defense counsel at the Rule 3.850 evidentiary hearing—that counsel would have alerted the trial court if a juror slept during trial testimony—over that of Vann. This court is bound the state court's credibility determinations.  Moreover, Vann's claim is not supported by the facts because the instances that Vann alleges that a jury slept were not during the presentation of testimony.  Consequently, the state court's application of Strickland was reasonable.

Accordingly, Vann's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Vann and close this action.

ORDERED in Tampa, Florida, on October 21, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE